# NO. 12-09-00263-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER MATTHEW DAVIS, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Christopher Matthew Davis appeals his conviction for sexual assault. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

A Smith County grand jury indicted Appellant for the felony offense of sexual assault. In the indictment, the grand jury alleged that Appellant caused the penetration of the mouth of a child younger than the age of seventeen with his sexual organ and caused the penetration of the child's female sexual organ with his mouth.[1]

Appellant pleaded not guilty at his trial. The State abandoned the second allegation in the indictment, and the jury found Appellant guilty of the first allegation in the indictment. Following a sentencing hearing, the jury assessed a sentence of imprisonment for ten years and a fine of five thousand dollars. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(B), (a)(2)(A) (Vernon Supp. 2009).

Appellant's counsel has filed a brief in compliance with **Anders** and **Gainous**. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby **granted**, and we **dismiss** this appeal. *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule

68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3